IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE CORP. d/b/a KEY EQUIPMENT FINANCE INC., | ) ) ) Case No.: |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MIKALAI BUSEL, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, KEY EQUIPMENT FINANCE CORP. d/b/a KEY EQUIPMENT FINANCE INC. ("Key Equipment"), by and through its attorneys Robbins, Salomon & Patt, Ltd. and for its Complaint against Defendant, MIKALAI BUSEL ("Busel"), states as follows:

## PARTIES

1. Plaintiff, Key Equipment, is a Colorado corporation with its principal place of business at 1000 South McCaslin Blvd., Superior, Colorado 80027.

2. Defendant, BUSEL, is a resident of the State of Illinois who resides at 12308 Blue Iris Lane, Plainfield, IL 60585.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(I) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §391(a) because Busel resides in this district and because a substantial part of the events giving rise to Key Equipment's claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

### I. The First Financing Agreement

5. On or about September 25, 2006, Key Equipment and Busel entered into Vehicle Finance Agreement No. 1123728/1248286 (the "First Financing Agreement") in which Key Equipment lent funds to Busel for the purchase of a 2006 Volvo VNL64T, VIN No. 4V4NC9TX6N448302 (the "Volvo VNL64T"). A true and correct copy of the First Financing Agreement is attached hereto as Exhibit 1.

6. In order to induce Key Equipment to enter into the First Financing Agreement with Busel, he also agreed to personally guaranty all of his obligations under the First Financing Agreement. A true and correct copy of Busel's personal guaranty is attached hereto on the face of Exhibit 1.

7. Pursuant to the terms and conditions of the First Financing Agreement, the financing for the 2006 Volvo VNL64T was secured by a first priority security interest held by Key Equipment.

8. Key Equipment perfected its security interest in the 2006 Volvo VNL64T. A true and correct copy of the Financing Statement/Power of Attorney is attached hereto as Exhibit 2.

9. Pursuant to the terms of the First Financing Agreement, Busel agreed to make 60 consecutive monthly payments in the amount of $2,212.75.

10. Busel defaulted under the terms of the First Financing Agreement by failing and refusing to make the monthly payments when due. Pursuant to the terms of the First Financing Agreement, Key Equipment is entitled to recover from Busel an amount equal to all unpaid loan payments, as well as all late fees, interest, attorneys' fees, costs and expenses Key Equipment may incur in the enforcement of its remedies under the First Financing Agreement.

11. Key Equipment has performed all of its obligations under the First Financing Agreement.

12. After applying all just credits and deductions, there is due and owing to Key Equipment under the First Financing Agreement the amount of $74,698.43, exclusive of attorneys' fees, costs, other applicable charges and interest thereon.

13. Key Equipment has demanded all monies due and owing from Busel under the First Financing Agreement, but those amounts remain unpaid to date.

## II. The Second Financing Agreement

14. On or about March 25, 2007, Key Equipment and Busel entered into Vehicle Finance Agreement No. 1123728/1292884 (the "Second Financing Agreement") in which Key Equipment lent funds to Busel for the purchase of a 2007 Volvo VNL64T-670 Tractor, VIN No. 4V4NC9TJ27N462101 (the "2007 Volvo VNL64T-670"). A true and correct copy of the Second Financing Agreement is attached hereto as Exhibit 3.

15. Pursuant to the terms and conditions of the Second Financing Agreement, the financing for the 2007 Volvo VNL64T-670 was secured by a first priority security interest held by Key Equipment.

16. Key Equipment perfected its security interest in the 2007 Volvo VNL64T-670. A true and correct copy of the Financing Statement/Power of Attorney is attached hereto as Exhibit 4.

17. Pursuant to the terms of the Second Financing Agreement, Busel agreed to make 60 consecutive monthly payments in the amount of $2,103.38.

18. Busel defaulted under the terms of the Second Financing Agreement by failing and refusing to make the monthly payments when due. Pursuant to the terms of the Second Financing Agreement, Key Equipment is entitled to recover from Busel an amount equal to all unpaid loan payments, as well as all late fees, interest, attorneys' fees, costs and expenses Key Equipment may incur in the enforcement of its remedies under the Second Financing Agreement.

19. Key Equipment has performed all of its obligations under the Second Financing Agreement.

20. After applying all just credits and deductions, there is due and owing to Key Equipment under the Second Financing Agreement the amount of $83,643.86, exclusive of attorneys' fees, costs, other applicable charges and interest thereon.

21. Key Equipment has demanded all monies due and owing from Busel under the Second Financing Agreement, but those amounts remain unpaid to date.

## COUNT I
## BREACH OF CONTRACT

22. Key Equipment realleges and reasserts paragraphs 1 through 21 of its Complaint as though fully set forth herein as paragraph 22 of its Complaint.

23. As a result of Busel's default under the Agreement, Key Equipment is entitled to damages for Busel's breach of contract in the amount of $158,342.29, plus attorney's fees, costs, other applicable charges and interest thereon from the date of default in accordance with the terms of the First and Second Financing Agreements.

## COUNT II
## REPLEVIN

24. Key Equipment realleges and reasserts paragraphs 1 through 23 of its Complaint as though fully set forth herein as paragraph 24 of its Complaint.

25. Key Equipment has a first priority, perfected security interest in the 2006 Volvo VNL64T and the 2007 Volvo VNL64T-670 ("the Collateral").

26. Pursuant to the terms and conditions of the First and Second Financing Agreements, upon default, Busel must return the Collateral to Key Equipment or Key Equipment may exercise any other right or remedy available at law or in equity.

27. Key Equipment's counsel has made written demand upon Busel for return of the Collateral, but has been unable to secure possession of the Collateral through peaceful means.

28. Busel is wrongfully in possession and control of the Collateral.

29. Key Equipment claims the immediate return of the Collateral.

30. The Collateral has not been taken for any tax, assessment or fine levy by virtue of the law of any state against property of Key Equipment, or against Key Equipment individually, nor seized under any lawful process against the goods and chattels of Key Equipment subject to such lawful process nor held by virtue of any order of replevin against Key Equipment.

WHEREFORE, Key Equipment Finance Corp. d/b/a Key Equipment Finance, Inc. respectfully requests that this Court enter judgment in its favor and against Mikali Busel as follows:

    a. Awarding Key Equipment damages in the amount of $158,342.29 plus costs, interest, and attorneys' fees in accordance with the terms and conditions of the First and Second Financing Agreements;

    b. Directing the Will County Sheriff to assist Key Equipment in using all necessary force to repossess the Collateral, at 12308 Blue Iris Lane, Plainfield, Illinois 60585, or wherever it may be found; and

    c. Any other such other and further relief in favor of Key Equipment as this Court deems just.

KEY EQUIPMENT FINANCE CORP.
d/b/a KEY EQUIPMENT FINANCE INC.

By: /s/ Vincent T. Borst
One of its Attorneys

Vincent T. Borst
ARDC No. 06192904
ROBBINS, SALOMON & PATT, LTD.
25 E. Washington Street, Suite 1000
Chicago, Illinois 60601
(312) 782-9000 Telephone
(312) 782-6690 Facsimile
vborst@rsplaw.com