IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEY EQUIPMENT FINANCE CORP., )
etc., )
 )
       Plaintiff, )
 )
  v. ) No. 10 C 4750
 )
MIKALAI BUSEL, )
 )
       Defendant. )

## MEMORANDUM ORDER

Key Equipment Finance Corp. d/b/a Key Equipment Finance, Inc. ("Key Equipment") has just filed this breach of contract action[1] against Mikalai Busel ("Busel"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because of an obvious glitch in the Complaint's allegations on the part of Key Equipment's counsel.

Although Complaint ¶3 states the conclusion that "the parties are citizens of different states," as required by 28 U.S.C. §1332(a)(1), Complaint ¶2 speaks only of Busel's residence. That is insufficient under the caselaw (see, e.g., Simon v. Allstate Employee Group Med. Plan, 263 F.3d 656, 658 (7th Cir. 2001)). Indeed, such cases from our Court of Appeals as Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) have repeatedly stated that "when the parties allege residence

---

[1] Key Equipment has also added a replevin count to its damages claim.

but not citizenship, the district court must dismiss the suit."

This Court is generally loath to impose such a Draconian sanction, although it has on occasion heeded the Court of Appeals' directive by a dismissal order coupled with advising the offending counsel that a timely motion under Fed. R. Civ. P. 59(e) to undo that result would be granted if counsel also paid a fine that would be equivalent to the cost of filing a new lawsuit.

But here the carelessness spoken of in this memorandum order appears to be the only flaw in the Complaint. Accordingly this Court simply directs counsel to file a brief (and prompt) amendment to the Complaint (<u>not</u> a full self-contained Amended Complaint) to cure the error.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 2, 2010